NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ELLI GUTFRUCHT,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )          Case No. 2D16-711
                                         )
FEDERAL NATIONAL MORTGAGE                )
ASSOCIATION; OCWEN LOAN                  )
SERVICING, LLC, as successor in          )
interest to HOMEWARD RESIDENTIAL,        )
INC. f/k/a AMERICAN HOME                 )
MORTGAGE SERVICING, INC.; RALF           )
GUTFRUCHT; SHERWOOD AT THE               )
CROSSROADS HOMEOWNERS                    )
ASSOCIATION, INC; and DEPARTMENT         )
OF REVENUE,                              )
                                         )
            Appellees.                   )
_____ )

Opinion filed November 3, 2017.

Appeal from the Circuit Court for Lee
County; James R. Thompson, Senior
Judge and Elizabeth V. Krier, Judge.

Thomas Erskine Ice and Amanda L.
Lundergran of Ice Appellate, Royal Palm
Beach (withdrew after briefing), for
Appellant.

Elli Gutfrucht, pro se.

David Rosenberg and Robert R. Edwards
of Robertson, Anschutz & Schneid, PL,
Boca Raton, for Appellee Federal
National Mortgage Association.

No appearance for remaining Appellees.


PER CURIAM.

Elli Gutfrucht appeals a final judgment of foreclosure in favor of Federal National Mortgage Association (Fannie Mae). We affirm without comment in all respects save one. Fannie Mae has correctly conceded that the amount due stated in the final judgment was mistakenly based on a principal amount of $384,309.89. Fannie Mae's evidence was sufficient to show that the actual principal amount was $308,790. Accordingly, we reverse the final judgment's computation of the amount due and remand for the trial court to recalculate that sum based on the correct principal amount and enter a judgment reflecting that amount. See, e.g., Messiha v. First Fla. Credit Union, 139 So. 3d 376, 377 (Fla. 1st DCA 2014) (reversing and remanding for the recalculation of the interest awarded in a final judgment of foreclosure where amount awarded was based on a miscalculation).

Affirmed in part; reversed in part; remanded with directions.


SILBERMAN, SALARIO, and ROTHSTEIN-YOUAKIM, JJ., Concur.